**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 121414

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| Doreen DelCore, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Convergent Outsourcing, Inc. and LVNV Funding, LLC, <br><br> Defendants. | Case No: <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Doreen DelCore, individually and on behalf of all others similarly situated ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Convergent Outsourcing, Inc. ("*Convergent*") and LVNV Funding, LLC ("*LVNV*") ("collectively *Defendants*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

1

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of Washington.

## PARTIES

5. Plaintiff Doreen DelCore is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Convergent Outsourcing, Inc., is a Washington Corporation with a principal place of business in King County, Washington.

9. On information and belief, Defendant LVNV Funding, LLC, is a Delaware Limited Liability Company with a principal place of business in New Castle County, Delaware.

## FACTUAL ALLEGATIONS

10. Defendant Convergent Outsourcing, Inc. regularly collects or attempts to collect debts asserted to be owed to others.

11. Defendant Convergent Outsourcing, Inc. is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12. The principal purpose of Defendant Convergent Outsourcing, Inc.'s business is the collection of such debts.

13. Defendant Convergent Outsourcing, Inc. uses the mails in its debt collection business.

14. Defendant Convergent Outsourcing, Inc. is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

15. Defendant and LVNV Funding, LLC is in the business of purchasing consumer debts which are in default and collecting on same.

16. The principal purpose of Defendant and LVNV Funding, LLC's business is the collection of such debts.

17. Defendant and LVNV Funding, LLC is not the original creditor of any loan to Plaintiff.

18. On information and belief, based upon the representation contained in the collection letter more fully described *infra.,* the original creditor for the loan at issue was "Capital One, N.A."

19. Defendant LVNV Funding, LLC uses the mails in its debt collection business.

20. On information and belief, Defendant LVNV Funding, LLC hired Defendant Convergent Outsourcing, Inc. to collect the alleged Debt.

21. Defendant LVNV Funding, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22. Defendant LVNV Funding, LLC is liable for its own actions, as well as the actions of its agent, Defendant Convergent Outsourcing, Inc.

23. Defendants allege Plaintiff owes a debt (the "alleged Debt").

24. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

25. The alleged Debt does not arise from any business enterprise of Plaintiff.

26. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

28. At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

29. In furtherance of their efforts to collect the alleged Debt, Defendants contacted Plaintiff by letters including the letter dated August 17, 2020 (the "Letter"). (A true and accurate copy of the Letter is annexed hereto as Exhibit 1).

30. The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

31. The Letter conveyed information regarding the alleged Debt.

32. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

33. The Letter was received and read by Plaintiff.

34. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendants deprived Plaintiff of this right.

35. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendants. As set forth herein, Defendants deprived Plaintiff of this right.

36. Plaintiff's injury is "particularized" and "actual" in that the letter that caused the injury was addressed and sent to Plaintiff specifically.

37. Plaintiff's injury is directly traceable to Defendants' conduct, because Defendants sent the Letter.

38. A favorable judicial resolution of Plaintiff's case would redress Plaintiff's injury with damages.

39. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

40. Plaintiff has been misled by Defendants' actions.

41. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the Debt.

42. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause her unwarranted economic harm.

43. As a result of Defendants' conduct, Plaintiff was forced to hire counsel and therefore has incurred damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

44. As a result of Defendants' conduct, Plaintiff's counsel was forced to expend time and money to investigate the enforceability of the Debt.

45. Upon information and belief, Plaintiff can prove that all actions taken by Defendants as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

**FIRST COUNT**

46. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

47.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

48.     15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

49.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

50.     The Letter states, directly above the validation notice, "WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT. The legal time limit (statute of limitations) for suing you to collect this debt has expired."

51.     The Letter further states, "However, if somebody sues you anyway to try to make you pay this debt, court rules REQUIRE YOU to tell the court that the statute of limitations has expired to prevent the creditor from obtaining a judgment."

52.     The Letter additionally states, "Even though the statute of limitations has expired, you may CHOOSE to make payments. However, BE AWARE: if you make a payment, the creditor's right to sue you to make you pay the entire debt may START AGAIN."

53.     On information and belief, the statute of limitations for alleged Debt had not expired at the time Defendants sent the Letter to Plaintiff.

54.     The Letter's statement that "the legal time limit (statute of limitations) for suing you to collect this debt may have expired" is false.

55.     The Letter's statement that Plaintiff could defeat any collection action, if sued, by way of informing that Court that the statute of limitations has expired, is false.

56.     Whether a consumer may be sued in connection with the collection of a debt is a material piece of information to a consumer.

57.     Collection letters are examined for purposes of 15 U.S.C. § 1692e under the "least sophisticated consumer" standard.

58.     The least sophisticated consumer, upon being presented with the above-described statements, would likely be misled into believing she is not at risk of being sued in connection with collection of the alleged Debt.

59.     The least sophisticated consumer, holding the mistaken belief that she cannot legally be sued in connection with collection of the alleged Debt, would likely opt to pay another debt she believes is not time-barred.

60. The least sophisticated consumer, holding the mistaken belief that she cannot legally be sued in connection with collection of the alleged Debt, and upon reading that if "…you make a payment, the creditor's right to sue you to make you pay the entire debt may START AGAIN" would be strongly disinclined from taking any action whatsoever in response to the Letter.

61. The least sophisticated consumer would likely believe that such inaction is in her best interest when, in fact, such inaction would only increase her risk of being sued in connection with collection of the alleged Debt.

62. If sued in connection with collection of the alleged Debt, and if a judgment is obtained, Plaintiff would be subject to the collection of post-judgment interest on the alleged Debt. *See* N.Y.C.P.L.R. § 5001(a) ("providing that interest shall be recovered upon a sum of awarded because of a breach of contract").

63. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

64. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

65. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

66. The least sophisticated consumer would likely be deceived by the Letter.

67. The least sophisticated consumer would likely be deceived in a material way by the Letter.

68. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

**SECOND COUNT**

69. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

70. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

71. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the

amount of the debt."

72. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately state the amount of the debt.

73. A statement of "the amount of the debt," when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

74. The Letter claims that Plaintiff owed $343.66 (the "Claimed Amount").

75. Plaintiff did not owe the Claimed Amount.

76. In fact, Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect.

77. Defendants' statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

78. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

79. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

80. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

81. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false, deceptive and misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

82. Defendants' allegation that Plaintiff owed the Claimed Amount, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false, deceptive, and misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

83. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## THIRD COUNT

84. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

85. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

86. As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

87. To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

88. A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

89. The Letter claims the name of the creditor to whom the alleged Debt is owed is LVNV Funding, LLC (the "Putative Creditor").

90. Plaintiff did not owe the alleged Debt to the Putative Creditor.

91. The Putative Creditor never offered to extend credit to Plaintiff.

92. The Putative Creditor never extended credit to Plaintiff.

93. Plaintiff was never involved in any transaction with the Putative Creditor

94. Plaintiff never entered into any contract with the Putative Creditor

95. Plaintiff never did any business with the Putative Creditor.

96. Plaintiff was never indebted to the Putative Creditor

97. The Putative Creditor is a stranger to Plaintiff.

98. Defendants' statement that the Putative Creditor is "the name of the creditor to whom the debt is owed," when the Putative Creditor is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

99. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

100. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

101. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

102. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false, deceptive, and misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

103. Defendants' allegation that Plaintiff owed a debt to the Putative Creditor, when Plaintiff did not owe a debt to the Putative Creditor, is a false, deceptive and misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

104. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(a)(2), 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## FOURTH COUNT

105. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

106. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

107. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

108. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

109. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

110. The Letter claims that Plaintiff owes a debt to LVNV Funding, LLC, on account of a debt that purportedly originated with an entity identified as "Capital One Bank, N.A."

111. Plaintiff was never advised by Capital One Bank, N.A. that any debt allegedly owed by him was being sold to LVNV Funding, LLC.

112. Plaintiff was never advised by Capital One Bank, N.A. that any debt allegedly owed by him was being assigned to LVNV Funding, LLC.

113. Plaintiff was never advised by Capital One Bank, N.A. that any debt allegedly owed

by him was being transferred to LVNV Funding, LLC.

114. Plaintiff was never advised by LVNV Funding, LLC that it had purportedly purchased any debt allegedly owed by him to Capital One Bank, N.A.

115. Plaintiff was never advised by LVNV Funding, LLC that it had purportedly acquired any debt allegedly owed by him to Capital One Bank, N.A.

116. Plaintiff was never advised by LVNV Funding, LLC that it had purportedly been assigned any debt allegedly owed by him to Capital One Bank, N.A.

117. LVNV Funding, LLC is a stranger to Plaintiff.

118. Upon information and belief, LVNV Funding, LLC holds no legally cognizable right, title or interest in any debt Plaintiff allegedly owed to Capital One Bank, N.A.

119. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt to LVNV Funding, LLC, is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

120. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt to LVNV Funding, LLC, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

121. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt to LVNV Funding, LLC, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

122. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt to LVNV Funding, LLC, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

123. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt to LVNV Funding, LLC, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

124. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt to LVNV Funding, LLC, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

125. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt to LVNV Funding, LLC, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

126. Defendants' allegation that Plaintiff owed a debt to LVNV Funding, LLC, when Plaintiff did not owe a debt to LVNV Funding, LLC, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

127. Defendants' demand that Plaintiff make payment for a debt that he does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

128. Defendants' request that Plaintiff make payment for a debt that he does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

129. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

## CLASS ALLEGATIONS

130. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

131. Plaintiff seeks to certify the following class:

132. All consumers to whom Defendants sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which Letter was sent on or after a date one year prior to the filing of this action to the present.

133. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

134. The Class consists of more than thirty-five persons.

135. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

136. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to

the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

137. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

138. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

c. Finding Defendants' actions violate the FDCPA; and

d. Awarding Plaintiff statutory damages in the amount of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A); and

e. Awarding Plaintiff's the costs of this action and reasonable attorneys' fees as provided under 15 U.S.C. § 1692k(a)(3); and

f. Awarding Plaintiff such other and further relief that the Court determines is just and proper.

DATED: February 16, 2021

**BARSHAY SANDERS, PLLC**

By: */s Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500

        Garden City, New York 11530
        Email: csanders@barshaysanders.com
        Tel: (516) 203-7600
        Fax: (516) 282-7878
        *Attorneys for Plaintiff*
        Our File No.: 121414